**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-10126
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THU NGOC NGO, also known as Chao,

Defendant-
Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CR-338-ALL-L
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
August 15, 2002

Before JOLLY, DAVIS and STEWART, Circuit Judges:

PER CURIAM:[*]

Thu Ngoc Ngo, a Vietnamese national and resident alien, appeals his conviction and sentence

for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Ngo

argues that the district court erred by excluding evidence that he was not advised of his right to

contact his consul under Article 36 of the Vienna Convention. He also asserts that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred by enhancing his sentence for obstruction of justice based on the court's finding that he perjured himself at trial. Finally, Ngo contends that use of the Sentencing Guidelines in effect at the time of his sentencing violated the Ex Post Facto Clause.

Evidence was presented at trial that Ngo purchased a firearm in June of 1995 and that after the firearm was discovered at his residence in February 1996, he told law enforcement officers that he had obtained it 4-5 months earlier. Ngo testified at trial that he had not purchased the firearm until after January 19, 1996, and denied informing law enforcement officers that he had purchased the firearm months before they discovered it. This testimony was significant because Ngo's predicate felony offense was set aside on January 19, 1996. The district court based its finding of obstruction of justice on its determination that Ngo had falsely testified at trial that he had not been to the gambling house where the firearm was purchased until late 1995.

Although Ngo argues that exclusion of the Vienna Convention evidence prevented him from providing full information to the jury regarding the circumstances surrounding his statements to law enforcement officials, he does not indicate how being advised of these rights would have affected the outcome of trial. Additionally, such information would have been of questionable relevance given Ngo's testimony at trial denying that he made key incriminating statements to the law enforcement officials who interviewed him. Thus, even if Ngo could establish error from the exclusion of this evidence, his argument is without merit because he has not shown that his substantial rights were affected. See United States v. Haese, 162 F.3d 359, 364 (5th Cir. 1998).

Ngo asserts that the district court erred by failing to find that any false testimony he gave was made willfully, rather than as a result of confusion, mistake, faulty memory, or flaws in the translation process. The district court applied the correct standard for determining whether Ngo's testimony

constituted perjury and it explicitly found that he had testified falsely and his testimony was material. The implicit finding of willfulness was sufficient. See United States v. Como, 53 F.3d 87, 89-91 (5th Cir. 1995).

As the parties concede, contrary to the district court's conclusion, Ngo did not testify at trial that he had not been to the gambling house until late 1995. Rather, he testified that he had not been there in 1994 or prior to May or June of 1995, and that he had not been there to purchase a firearm in May or June of 1995. Ngo argues for the first time on appeal that the finding concerning the content of his trial testimony was erroneous. Thus, we review for plain error. Even though the district court's error in stating Ngo's testimony is clear and obvious, Ngo has not shown that his substantial rights have been affected or that the fairness of the judicial proceedings has been called into question. The district court's finding that Ngo stated that he was not at the gambling house until late 1995 does not change the basis of the court's analysis, which relied on the timeframe in the indictment and evidence of Ngo's presence at the gambling house in May or June of 1995, as well as prior to that time. Therefore, Ngo has not established plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Ngo's ex post facto argument also is reviewable for plain error because he raises it for the first time on appeal. Pursuant to U.S.S.G. § 1B1.11, the Guidelines in effect at the time of sentencing should be applied unless this version violates the Ex Post Facto Clause. Ngo contends that the replacement of the language in U.S.S.G. § 3C1.1, comment. (n.1), which stated that the defendant's testimony should be viewed in a light most favorable to him, with the statement that "the court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory and, thus, not all inaccurate testimony or statements necessarily reflect a willful

attempt to obstruct justice," increased the risk of his receiving the obstruction of justice enhancement. Ngo has not shown that the amended language of the Guidelines commentary clearly or obviously affected the district court's finding of obstruction of justice in a way that was detrimental to him. <u>See</u> <u>United States v. Armstead</u>, 114 F.3d 504, 510 (5th Cir. 1997).

AFFIRMED.